**MOLLER & ROBERTS v. HARRIS COUNTY.**

**No. 9764.**

Court of Civil Appeals of Texas. Galveston.

Oct. 13, 1932.

W. Owen Dailey, of Houston, for plaintiffs in error.

E. A. Knipp, of Houston, for defendant in error.

GRAVES, J.

The brief of plaintiffs in error thus correctly states the general background of the cause, on its presentment to this court:

"This is a suit brought by Moller and Roberts, a partnership composed of G. E. Moller and H. L. Roberts, against the County of Harris, for the sum of $487.25 alleged to be due them, according to the bills rendered by them, for 'Extra Work on Shoulders, Highway 3,' and the additional sum of $800.00 which had been deducted by the County as damages for failure to complete a contract for the construction of a paved road in Harris County within the time fixed by the contract. The cause was tried before the court without a jury.

"The controversy arose out of a contract between the plaintiffs and the defendant covering the 'paving main street road from Brays Bayou Bridge to Station 195-00 Section 2 and to construct and deliver in a good sound and workmanlike manner, in strict accord with specifications for said work, prepared by the County Engineer * * * complete with all details and appliances and appurtenances such as usually go with a completed road'—a distance of approximately 3.3 miles. The total consideration actually paid by the County for the work done under the contract was $93,693.30, and the plaintiffs claimed the additional amount of $487.25 for the 'extra work,' because they claimed, it was work not covered by the contract, and for which compensation was not included in the consideration paid. The plaintiffs also claimed that the deduction of $800.00 for sixteen days delay in completion of the contract was improper, and that they were entitled to recover this amount also.

"The defendant answered by general demurrer, general denial, and a plea of accord and satisfaction, insisting that upon payment of the final estimate under the contract referred to, the contractors had executed a full acquittance to the County for all sums which might be due theretofore. Judgment was for the defendant."

As they did below, the contractors on the appeal again claim that the $487.25 worth of work they were required to do in smoothing down the shoulders to the 3.3 miles of paving done was "extra," for which they, were not obligated under the contract, nor the "proposal sheet" thereunder that the commissioners' court accepted; hence it was prejudicial error to deduct from their agreed compensation that amount, as well as the $800, penalty visited upon them for the 16 days' delay in completing it.

On reviewing the record, this court is unable to agree with them, concluding rather that the trial court's judgment is shown to be properly sustainable on more than one ground.

In the first place, as even the brief quotation from the contract makes manifest, it seems plain that this smoothing work on the shoulders was included in the contract price agreed upon for a pavement "complete with all details and appliances and appurtenances such as usually go with a completed road," since the undisputed evidence showed, not only that these shoulders were shown on the plans made a part of the contract, but also that they constituted such an appurtenance

as usually went with and was incidental to a completed road.

■ In the next place, and likewise without contradiction, there was an accord and satisfaction over the matter between the parties, in that, when the dispute first arose, the doing of this additional shoulder work, on which the suit was later brought, had been insisted upon by the county, with notice that it would not be paid for as "extra work," and on the finishing of it thereafter, as a further condition precedent to payment of the final estimate on the contract as a completed whole, deduction of the $800, penalty for the delay had been made, all to the acknowledged satisfaction of the contractors, as shown by this written instrument then executed and delivered by them:

"Houston, Tex., Oct. 1, 1928.
"I have read over this bill and certify that the same includes all items and balances due me remaining unpaid, and I hereby accept the same in full release to Harris County and in final and complete satisfaction of any and all claims due me from Harris County by virtue of this contract and work arising under the same.

"Moller and Roberts
"By H. L. Roberts."

An acquittance on both items accordingly resulted to the county, whether or not the contractors signed the release under protest. Clopton v. Caldwell County (Tex. Civ. App.) 187 S. W. 400, writ refused; Daugherty v. Herndon, 27 Tex. Civ. App. 175, 65 S. W. 891, writ refused.

■ In the third place, by the express terms of their engagement the county engineer was made the arbiter between the parties in the interpretation of the plans, specifications, and acceptable fiulfillment of the terms of the contract, as well as all matters pertaining to construction, material, work, and the performance of the conditions under which payments became due; since he undisputedly determined that the claim sued upon was part of the contract, was shown on the plans, and that, compensation for it was included within the price per square yard for the paving, that action was final and binding on both parties. An abstract of these conditions in the contract is this:

"The finding and determination of the County Engineer on all questions arising under this contract as to material and workmanship, shall be final and binding upon the said Contractor. * * *

"The Engineer shall decide all questions which may arise as to the interpretation of the plans and specifications, and all questions as to the acceptable fulfillment of the contract on the part of the contractor. * * * It is mutually agreed by both parties to this contract that the Engineer shall act as ref-

eree in all questions arising under the terms of this contract between the parties hereto, and that the decision of the Engineer in such cases shall be final and binding upon both parties hereto and that the decision of the Engineer in such cases shall be final and binding upon both parties alike."

In these circumstances, since the whole dispute centered about the construction of the plans as referred to in and made a part of the written contract, the engineer contending that the work for which this additional pay was claimed was plainly indicated thereon, and the contractors insisting that it was not, the quoted submission of this very bone of contention to the former of what it meant and his resolving the controversy in favor of the county settled the whole controversy; especially so, since neither in the pleadings nor in the testimony is there even any intimation that the engineer's action as such arbiter was not in good faith. Simpkins on Contracts, at page 664; Kilgore v. N. W. Texas Baptist Ed. Soc., 89 Tex. 465, 35 S. W. 145.

Pursuant to these conclusions the judgment of the trial court has been affirmed.

Affirmed.