## KNUTSON v. BRAZORIA COUNTY.
### No. 11482.

Court of Civil Appeals of Texas. Galveston.
April 8, 1943.

Rehearing Denied May 6, 1943.

Battaile & Burr, of Houston, for appellant.

Cleveland Davis, Richard J. Higgins, and John C. Henderson, all of Angleton, for appellee.

CODY, Justice.

This is a suit to recover $7,191.25, together with interest thereon, alleged by appellant to be the balance due him under his contract with appellee, Brazoria County, for the construction of a court house and jail building. The county defended on the ground that it was entitled to a deduction from the contract price because the piling under the footings of the building was not driven to a depth of 30 feet. Prior to the bringing of this suit the question of the county's right to such deduction had been submitted to arbitration and an award was rendered which appellant pleaded as a final adjudication that the county was not entitled to the deduction claimed. The court denied such plea, and upon the jury's answers to certain special issues allowed the county a deduction of $3,975, and rendered judgment for appellant for only $3,216.25. From such judgment appellant has prosecuted his appeal.

We have concluded that the first point on which appellant bases his appeal is good, which dispenses with the need of presenting such other points. Appellant's first point is: "The court should have held, as a matter of law, that the award in evidence constitutes a final adjudication against the county of its contention for a deduction from the contract price."

Under Rule No. 169, Texas Rules of Civil Procedure, the following admissions were made by the appellee in response to appellant's request:

"1. On or about November 27, 1939, the defendant, Brazoria County, acting through its Commissioners' Court, entered into a written contract with the plaintiff, Knutson, for the construction of a five-story reinforced concrete, stone, brick and hollow-tile County Courthouse building, exclusive of heating, plumbing, electrical work and jail equipment, at Angleton, Brazoria County, Texas, in strict accordance with plans and specifications as prepared by Lamar Q. Cato, Architect, Houston, Harris County, Texas, for the consideration and upon the terms, provisions and conditions stated in said contract and in the contract documents made a part thereof."

"15. The Architect in his first estimate, dated January 31, 1940, which included the work of driving the piles as aforesaid, allowed the defendant County a credit against the contract price in the amount of Twenty Six Hundred Fifty Dollars ($2,-650.00) because of the fact that said piles were driven to a depth of twenty (20) feet instead of to a depth of thirty (30) feet."

"16. The plaintiff promptly protested such deduction, but both the County and the Architect insisted on same, and failed and refused to pay the amount so deducted, or any part thereof, to plaintiff."

"17. After the defendant and the Architect had insisted on said deduction of Twenty Six Hundred Fifty Dollars ($26-50.00) from the contract price, and refused to pay the same, or any part thereof to the plaintiff, plaintiff requested that the right of the defendant to such credit be submitted to arbitration and named one Robert Thomas as an arbitrator, and the defendant, pursuant to plaintiff's request, named one Ben D. Cannan as an arbitrator. The two arbitrators so named chose one David M. Duller as the third arbitrator."

"18. Plaintiff and defendant duly submitted the matter in dispute between them, to-wit: the question whether Brazoria County was entitled to a credit on account of the footage of piling not driven between the depths of twenty (20) and thirty (30) feet, to said arbitrators, namely, Robert Thomas, Ben D. Cannan, and David M. Duller, who after due consideration rendered their award and decision in writing and signed the same. The said award is in words and figures as follows, to-wit:

"Houston, Texas
November 12, 1940

Honorable O. K. Phillips,
County Judge, Brazoria County,
Angleton, Texas

Knutson Construction Company,
Houston, Texas

Gentlemen:

We, the undersigned, two of whom were appointed by you to act as arbitraries and the third, Colonel Duller, having been selected as the third member, wish to report our findings concerning the question of credit that might be due Brazoria County on the footage of piling not driven on the construction of Brazoria County Court House.

After carefully examining the plans and specifications, discussing the matter with the architect, Mr. Cato, and other investigations, we three have agreed that there is no legal requirements for any credit to be allowed for the footage of piling not driven as no definite agreement or written agreement was entered into on or prior to the time the work was being prosecuted.

However, since it is our understanding that some credit was allowed the contractor by the sub-contractor for the footage of piling not driven, we believe that it would be in order for some allowance to be passed on to the County and recommend that the architect and contractor promptly confer and agree on a settlement.

Respectfully submitted,
(Signed) David M. Duller
 Ben D. Cannan
 Robert Thomas."

The county's position is that the award was not binding, because:

First, neither the county nor its commissioners had authority to submit the controversy to arbitration.

Second, there was no provision in the contract for submission of the controversy to arbitration.

Third, there was no provision in the contract that the award would be binding on the county.

Fourth, the award itself does not purport to be a final adjudication of the controversy.

The County Commissioners' Court had authority to submit the controversy to arbitration. It is the general business and contracting agency of the county. Anderson v. Wood, 137 Tex. 201,

152 S.W.2d 1084, 1085. And where a right is conferred or obligation imposed upon said court, "it has implied authority to exercise a broad discretion to accomplish the purposes intended." Id. The duty to provide courthouses and jails is specifically imposed upon the Commissioners' Court. Arbitration is a proceeding favored in Texas Law. Johnson v. Korn, Tex.Civ. App., 117 S.W.2d 514. (Writ refused.) Art. XVI, Sec. 13, of Tex.Const. Vernon's Ann.St. reads: "It shall be the duty of the Legislature to pass such laws as may be necessary and proper to decide differences by arbitration, when the parties shall elect that method of trial." And see Title 10, Arts. 224–249, of Vernon's Rev.Civ.St. "Within the limits of its Charter powers a municipal or quasi municipal corporation may submit any dispute to arbitration and may stipulate in its contracts for arbitration of disputes arising thereunder. This power based on its capacity to contract and its right to prosecute and defend suits, may be exercised only by the corporate legislative body, which has implied power thus to bind the corporation. * * *" 3 Am.Jur. 851, 852. And this court speaking through Justice Graves, in the case of Moller & Roberts v. Harris County, 54 S.W.2d 213, 214, sustained an arbitration of a controversy between road contractors and the Commissioners' Court; "* * * In these circumstances, since the whole dispute centered about the construction of the plans as referred to in and made a part of the written contract, the engineer contending that the work for which this additional pay was claimed was plainly indicated thereon, and the contractors insisting that it was not, the quoted submission of this very bone of contention to the former of what it meant and his resolving the controversy in favor of the county settled the whole controversy; especially so, since neither in the pleadings nor in the testimony is there even any intimation that the engineer's action as such arbiter was not in good faith." (Authorities). The appellee contends that the cited case is not authority because the point was not raised nor discussed in the opinion. The point was necessarily implicit in the case, the fact that it was not urged is rather evidence that it was there yielded without question, than evidence that it was overlooked.

As authority against the power of the Commissioners' Court to arbitrate disputes arising in the execution of building contract, appellee relies upon Padgett v. Young County, Tex.Civ.App., 204 S.W. 1046. This case, in our opinion, is not in point. Appellee also relies on Myers v. Gibson, 147 Ind. 452, 46 N.E. 914, as being persuasive against the Commissioners' Court having the power to settle disputes by arbitration. We are not impressed by the reasoning of the Indiana court. Upon the same parity of reasoning by which it is held that the Commissioners' Court lacks power to settle disputes by arbitration, it should also be held that such court lacks power to settle disputes by litigation. We know of no instance under the laws of Texas where a party has capacity to conduct litigation that he has not also power to refer his litigation to fair and impartial arbitrators for arbitration. We hold that the Commissioners' Court had the power to submit the dispute to arbitration.

 Looking at the arbitration, we find that the arbitrators found: "* * * we three have agreed that there is no legal requirements for any credit to be allowed for the footage of piling not driven as no definite agreement or written agreement was entered into on or prior to the time the work was being prosecuted." This finding definitely concluded the matter in dispute. What follows in the succeeding paragraph of the award is surplusage. It is a gratuitous suggestion based upon moral considerations. "It is sufficient, however, if, looking at the whole award, it appears that the matters submitted are determined, and any words used in an award after this purpose is accomplished may be regarded as surplusage." 6 C.J.S., Arbitration and Award, § 81. The Commissioners' Court had power to arbitrate the dispute, and the award is definite and final, and the parties were as completely bound thereby as by a final judgment of a court. City of San Antonio v. McKenzie Const. Co., 136 Tex. 315, 150 S.W.2d 989, 996.

We have considered appellee's contention that appellant should recover nothing because no architect's certificate was ever furnished of final acceptance of the work, etc. Such contention is without merit.

The trial court erred in failing to hold, as a matter of law, that the foregoing award was a final adjudication against the county on its contention for a deduction from the contract price. And the court should have rendered judgment for appellant against appellee for $7,191.25, with interest at the legal rate from the day of judgment.

There being no error in the judgment of the trial court, except as to the amount thereof, it will be here reformed so as to adjudge the sum prayed for to the plaintiff and as so reformed will be affirmed.

Reformed and affirmed.