COUNTY OF BRAZORIA V. S. KNUTSON.

No. 8139. Decided December 15, 1943.
Rehearing overruled January 26, 1944.
(176 S. W., 2d Series, 741.)

*Richard J. Higgins, Cleveland Davis, John C. Henderson* and *Floyd Enlow*, all of Angleton, for petitioner.

It was error for the Court of Civil Appeals to hold that the purported award of the commissioners in arbitration was final and binding. Hooker v. Williamson, 60 Texas 524; 4 Tex. Jur., 685; 6 C. J. S. 226, 3 Am. Jur. 949.

*Battaile & Burr*, and *J. H. Burr*, for respondent.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This suit was filed in the District Court of Brazoria County, Texas, by S. Knutson against such county, to recover the sum of $7,191.25, with legal interest, alleged by Knutson to be due him by the county as the balance owing for the construction of a courthouse for the county. The county defended on the ground that it was entitled to a certain credit from the contract price of the courthouse, because the piles under the footings thereof were not driven to a depth of 30 feet, as provided in the contract. Trial in the district court resulted in a judgment for Knutson for $3,216.25. Such judgment was arrived at by allowing the county a deduction of $3,975.00 from the $7,191.25

sued for. It was conceded that the county owed Knutson the sum sued for, less any deduction the county was entitled to on account of the piles not being driven to a depth of 30 feet. On appeal by Knutson the Galveston Court of Civil Appeals in effect reversed the judgment of the district court, insofar as it allowed the county the credit above mentioned, and rendered judgment for Knutson therefor. 170 S. W. (2d) 843. The county brings error.

On November 27, 1939, Brazoria County duly entered into a written contract with S. Knutson for the construction by Knutson of a courthouse for the county, in accordance with plans and specifications prepared by Lamar Q. Cato as architect. The contract between Knutson and the county provided for either "pre-cast" concrete piles or "cast-in-place" concrete piles under the foundation. The "cast-in-place" piles were used. The contract provided that such piles should be driven to a depth of 30 feet Knutson subcontracted the work of driving these piles. It was found that it was necessary to drive them only 20 feet to secure a proper and adequate foundation, and they were driven only to such depth. No contention was made that the contractor violated his contract in not having such piles driven to a depth of 30 feet, instead of to a depth of 20 feet. Knutson required the subcontractor to deduct the sum of $2,650.00 from the amount of his contract, on account of driving the piles 20 feet instead of 30 feet.

The contract provided that the county should make monthly payments to the contractor on estimates approved by the architect. The first estimate was duly approved by the architect, except he deducted therefrom the sum of $2,650.00, on account of the fact that the concrete piles were driven to a depth of 20 feet, instead of 30 feet as provided in the contract. Knutson presented the estimate to the county for payment, but refused to accept the deduction. The contract provided for deviations from the drawings or specifications in the execution of the work, on the approval of the architect. As we understand this record, all parties, including the architect, approve the depth to which these piles were driven; but there was no direct agreement, one way or the other, as to whether or not any deduction would be made in favor of the county on account of the lessor depth to which they were driven, and no agreement has since been made in regard thereto. The contractor has finished the courthouse, and same has been accepted by the county. The county owes the contractor the $7,191.25 here sued for, less any deduction the county may be entitled to on account of the piles being driven to a depth of 20 feet, instead of to a depth of 30 feet.

The original contract between the county and Knutson provided that: "All questions subject to arbitration under this contract shall be submitted to arbitration at the choice of either party." So far as here pertinent, the contract then provides that the county shall select one arbitrator, Knutson one, and the two so selected shall select the third. Acting under the above contractual provision, Knutson demanded an arbitration. The county acceeded to such demand, and each party selected an arbitrator. The two so selected selected a third.

It appears that a pretrial hearing was had in this cause, and as a result thereof the county made, among others, the following admissions:

"15.

"The Architect in his first estimate, dated January 31, 1940, which included the work of driving the piles as aforesaid, allowed the defendant County a credit against the contract price in the amount of $2,650.00 because of the fact that said piles were driven to a depth of 20 feet instead of to a depth of 30 feet."

"16.

"The plaintiff promptly protested such deduction, but both the County and the Architect insisted on same, and failed and refused to pay the amount so deducted, or any part thereof, to plaintiff."

"17.

"After the defendant and the Architect had insisted on said deduction of $2,650.00 from the contract price, and refused to pay the same, or any part thereof, to the plaintiff, plaintiff requested that the right of the defendant to such credit be submitted to arbitration, and named one Robert Thomas as an arbitrator, and the defendant, pursuant to plaintiff's request, named one Ben D. Cannan as an arbitrator. The two arbitrators so named chose one David M. Duller as the third arbitrator."

"18.

"Plaintiff and defendant duly submitted the matter in dispute between them, towit, the question whether Brazoria County was entitled to a credit on account of the footage of piling not driven between the depths of 20 and 30 feet, to said arbitrators, namely, Robert Thomas, Ben D. Cannan and David M. Duller, who after due consideration rendered their award and decision

in writing, and signed the same. The said award is in words and figures as follows, towit:

"Houston, Texas,

November 12, 1940.

Honorable O. K. Phillips,
County Judge, Brazoria County,
Angleton, Texas.
Knutson Construction Company,
Houston, Texas.

Gentlemen:

We, the undersigned, two of whom were appointed by you to act as arbitraries and the third Colonel Duller, having been selected as the third member, wish to report our findings concerning the question of credit that might be due Brazoria County on the footage of pilings not driven on the construction of Brazoria County Court House.

After carefully examining the plans and specifications, discussing the matter with the Architect, Mr. Cato and other investigations, we three have agreed that there is no legal requirements for any credit to be allowed for the footage of pilings not driven as no definite agreement or written agreement was entered into on or prior the time the work was being prosecuted.

However since it is our understanding that some credit was allowed the contractor by the sub-contractor for the footage of pilings not driven, we believe that it would be in order for some allowance to be passed on to the county, and recommend that the architect and contractor promptly confer and agree on a settlement.

Respectfully submitted,
(Signed) David M. Duller,
Ben D. Cannan
Robert Thomas."

Under the above record, we are convinced that Knutson and the county submitted the entire matter then in dispute between them to arbitration, as provided in the original contract. The county was then claiming a credit of $2,650.00 for piles driven to a depth of 20 feet instead of to a depth of 30 feet, as provided by the contract. Knutson was denying that he owed the county any credit. It is true that the pretrial agreement ("17") recites that the county had insisted on a deduction of $2,650.00

and that Knutson had insisted that the right of the county to such credit be submitted to arbitration; but we think that, when this whole record is considered, it would be unreasonably technical to say that the whole matter was not submitted to arbitration. Simply stated, we think this record as a whole shows that the arbitrators had authority to allow the county a credit in any sum not exceeding $2,650.00, or they had authority to allow no credit at all.

■ We are in accord with the opinion of the Court of Civil Appeals on the construction which should be given this award. The award clearly and unambiguously states and decides that the county had no legal right to any credit for the failure of the contractor to drive these piles 30 feet instead of 20 feet, as they were actually driven. In this regard the report or decision of the arbitrators states that, "we three have agreed that there is no legal requirements for any credit to be allowed for the footage of piling not driven as no definite agreement or written agreement was entered into on or prior to the time the work was being prosecuted." Clearly, only the legal rights of the county and the contractor under the contract were submitted to arbitration. This must be true, because the arbitration was asked under and by virtue of the terms of the contract to settle a claim of right advanced by the county as arising thereunder.

■ The county contends that the report of the arbitrators fails to decide the matter in controversy as submitted to them. In this connection, the county contends that the last paragraph of the report of the arbitrators constitutes a finding that the county is entitled to some credit, but leaves the amount thereof to be agreed on by the contending parties. In our opinion the decision of the arbitrators, to the effect that the county was not legally entitled to any credit under the contract, was a complete finding against the county. Under this record only the legal rights of the contending parties were submitted to arbitration. This must be true, because the commissioners could not lawfully waive the county's legal rights. As said by the Court of Civil Appeals, the last paragraph of the report of the arbitrators amounts to nothing more than a mere statement that, in the opinion of the arbitrators, a moral reason existed which would make it in order for Knutson to pass some allowance to the county. No moral obligation was submitted to arbitration.

The county contends that, even if the decision of the arbitrators in this instance was against it, same constitutes no bar to the county's right to demand the credit here involved. This contention is based on the further contention that the provisions

of Article 1660 and Section 10 of Article 2351 of our Civil Statutes deny to counties the right to submit money claims or demands against it to arbitration. These statutes read as follows:

Article 1660.—"All claims, bills and accounts against the county must be filed in ample time for the auditor to examine and approve same before the meetings of the commissioners court. No claim, bill or account shall be allowed or paid until it has been examined and approved by the county auditor. The auditor shall examine the same and stamp his approval thereon. If he deems it necessary, all such accounts, bills, or claims must be verified by affidavit touching the correctness of the same. The auditor is hereby authorized to administer oaths for the purposes of this law."

Article 2351.—"Each commissioners court shall: * * *

\* \* \* \* \* \* \* \* \* \*

"10. Audit and settle all accounts against the county and direct their payment."

\* \* \* \* \* \* \* \* \* \*

■ In our opinion, the above statutes constitute no bar to the county's power to submit money demands or claims against it to arbitration. Of course, such demands or claims must first be submitted to the county auditor, where there is one, and to the commissioners court, but the decision of such authorities is not made final. It is subject to review by proper judicial authority. Such being the case, the county and the claimant can submit to arbitration. Moller & Roberts v. Harris County (Civ. App.), 54 S. W. (2d) 213. Arbitration is a proceeding so favored by Texas law that both our Constitution and Statutes provide for the submission of differences to arbitration. Section 13, Article XVI, Texas Constitution; Articles 224 to 238, both inclusive, R. C. S.; Forshey v. The Galveston, H. & H. Railroad Co., 16 Texas 516. It is a general rule of law that municipal or quasi-municipal corporations may submit disputes to arbitration, unless they are prohibited from so doing by positive law. 3. Amer. Jur., pp. 551, 552. No positive law against such arbitration exists in this State. Finally, we cite the following opinions by this Court as highly persuasive of the authority of the commissioners court in this instance. State of Texas v. Martin Bros., 138 Texas 505, 160 S. W. (2d) 58; Austin Bridge Co. v. Teague, 137 Texas 119, 152 S. W. (2d) 1091; City of San Antonio v. McKenzie, 136 Texas 315, 150 S. W. (2d) 989.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered December 15, 1943.

Rehearing overruled January 26, 1944.