Williams v. Flores















NUMBER 13-01-00545-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

GUY WILLIAMS,                                                                           Appellant,

v.

ALMA FLORES,                                                                             Appellee.
                                                                                                                       

On appeal from the County Court at Law
Number One of Nueces County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa

          Appellant, Guy Williams, challenges the judicial confirmation of an arbitration award
in favor of appellee, Alma Flores. Williams maintains that evidence discovered after the
arbitration ruling conclusively establishes the evident partiality of the arbitrator, Andrew
Lehrman; thus, the trial court erred in denying his motion to vacate the arbitration award
and motion for new trial. We affirm the judgment of the trial court.
A. Partiality in Arbitration Proceeding
          In his third and fourth points of error, Williams claims the trial court erred in not
finding the arbitrator exhibited evident partiality in favor of Flores by: (1) failing to disclose
his knowledge of a potential bias or conflict with a witness presented by Williams; (2)
conducting the arbitration in a manner which substantially prejudiced Williams’s rights by
not complying with the arbitration agreement in the method of presentation of the
arbitration; (3) refusing to hear evidence from Williams material to the controversy while
considering evidence by Flores; (4) disregarding generally accepted accounting principles
by miscalculating the accounting numbers in favor of Flores; and (5) failing to find Flores
misappropriated $1,500.
          Texas has long favored arbitration as a means of disposing of pending disputes. 
Prudential Sec. Inc. v. Marshall, 909 S.W.2d 896, 898 (Tex. 1995); Brazoria County v.
Knutson, 142 Tex. 172, 176 S.W.2d 740, 743 (1943). We review a trial court’s decision
to confirm or vacate an arbitration award de novo. Henry v. Halliburton Energy Servs., Inc.,
100 S.W.3d 505, 508 (Tex. App.–Dallas 2003, pet. denied); see McIlroy v. Painewebber,
Inc., 989 F.2d 817, 819 (5th Cir. 1993). An arbitration award has the effect of a judgment
of a court of last resort and is entitled to great deference in a court of law. City of San
Antonio v. McKenzie Constr. Co., 136 Tex. 315, 150 S.W.2d 989, 996 (1941). A trial court
reviewing the award may not substitute its judgment for the arbitrator’s merely because it
would have reached a different conclusion. Int’l Bank of Commerce–Brownsville v. Int’l
Energy Dev. Corp., 981 S.W.2d 38, 42 (Tex. App.–Corpus Christi 1998, pet. denied). 
Every reasonable presumption will be indulged to uphold the arbitration proceeding, and
none indulged against it. CVN Group, Inc. v. Delgado, 95 S.W.3d 234, 238 (Tex. 2002);
House Grain Co. v. Obst, 659 S.W.2d 903, 905-06 (Tex. App.–Corpus Christi 1983, writ
ref’d n.r.e.).
          The Texas General Arbitration Act (“TGAA”) permits courts to set aside arbitration
awards only in limited circumstances. Absent specific common-law or statutory grounds
for vacating, modifying, or correcting an award, the reviewing court must confirm it. See
Tex. Civ. Prac. & Rem. Code Ann. § 171.087 (Vernon Supp. 2004); Callahan & Assocs.
v. Orangefield Indep. Sch. Dist., 92 S.W.3d 841, 844 (Tex. 2002). A court may vacate an
arbitration award on statutory grounds if: (1) the award was procured by fraud, corruption,
or other undue means; (2) a party was prejudiced by the evident partiality, or by the
corruption, misconduct, or willful behavior of the arbitrator; (3) the arbitrator exceeded his
power; (4) the arbitrator refused to postpone the hearing, refused to hear evidence material
to the controversy, or otherwise conducted the hearing in a manner so as to substantially
prejudice the rights of a party; or (5) if there was no valid arbitration agreement, the issue
was not adversely determined in a proceeding to compel or stay arbitration, and the
complaining party did not participate in the arbitration hearing without raising an objection. 
Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a) (Vernon Supp. 2004); Crossmark, Inc. v.
Hazar, 124 S.W.3d 422, 430 (Tex. App.–Dallas 2004, pet. denied).
1. Evident Partiality
          A party seeking to vacate an award on the basis of evident partiality must prove the
existence of facts that would establish a reasonable impression of the arbitrator’s partiality
to one party. Babcock & Wilcox Co. v. PMAC, Ltd., 863 S.W.2d 225, 233 (Tex.
App.–Houston [14th Dist.] 1993, writ denied). A prospective neutral arbitrator selected by
the parties exhibits evident partiality by not disclosing facts which might, to an objective
observer, create a reasonable impression of the arbitrator’s partiality. Burlington N. R.R.
Co. v. TUCO, Inc., 960 S.W.2d 629, 636 (Tex. 1997).
          Here, in March 1999, both parties agreed in writing on the selection of Lehrman as
the neutral arbitrator, and no evidence exists that Lehrman failed to disclose an improper
relationship with either party. Instead, the gist of Williams’s argument centers on a letter
written by one of his witnesses. The letter, addressed to a partner in Lehrman’s law firm
and courtesy copied to Lehrman, alleged the partner made slanderous remarks against the
witness and his wife, a Nueces County District Court Judge.


 The existence of the letter
was unbeknownst to Williams until after the arbitration ruling. The witness testified he
faxed the letter on January 22, 1999. Williams also provided an affidavit from the witness’s
secretary stating that Lehrman had contacted the office and wanted to talk about the letter. 
Williams argues that Lehrman’s failure to disclose his knowledge of this letter evidences
Lehrman’s partiality in favor of Flores.
          In denying Williams’s motion to vacate the arbitration award, the trial court
specifically found that as the movant, Williams had not met his burden of establishing that
Lehrman had a duty to disclose the alleged potential bias. While “a neutral arbitrator has
a duty to disclose dealings of which he or she is aware ‘that might create an impression of
possible bias’,” Mariner Fin. Group, Inc. v. Bossley, 79 S.W.3d 30, 35 (Tex. 2002) (quoting
Commonwealth Coatings Corp. v. Cont’l Cas. Co., 393 U.S. 145, 149 (1968)), the ultimate
burden of proving an arbitrator’s partiality belongs to the complaining party. Id. Despite
repeated urging by the trial court, Williams did not present testimony from the arbitrator in
conjunction with his motion to vacate the arbitration award. Instead, Williams provided
testimony from the witness, concluding that the arbitrator might tend to discredit the
witness’s affidavit because of the existence of the letter. Such subjective facts are not
sufficient to meet the objective standard in TUCO. See Henry, 100 S.W.3d at 509 n.3. 
Additionally, following the denial of Williams’s motion to vacate, Lehrman testified by
deposition that: (1) he never received the letter; (2) the letter did not accuse him of
committing any improper conduct; (3) to the best of his recollection, he was unaware of the
letter prior to the arbitration; and (4) he was later informed by the partner that the matter
was resolved and the witness was satisfied.
          Under TUCO’s objective standard, the consequences for nondisclosure are directly
tied to the materiality of the unrevealed information. Mariner Fin. Group, 79 S.W.3d at 32. 
A similar standard is recognized under the Federal Arbitration Act. Int’l Bank of Commerce,
981 S.W.2d at 44 (to warrant relief from arbitration award under Federal Arbitration Act,
arbitrator’s partiality must be “direct, definite, and capable of demonstration rather than
remote, uncertain or speculative").
          Here, Lehrman had no relationship to any of the parties to the arbitration; and the
attenuated relationship between Lehrman and Williams’s witness was immaterial at best. 
Unlike in Mariner Fin. Group, the arbitrator here did not have an adverse relationship with
a party’s expert witness. In fact, the testimony of the witness in question merely
corroborated other testimony concerning the contractual relationship between the parties. 
Further, there is no objective evidence that the mere existence of the letter created a
reasonable impression of the arbitrator’s partiality. As recognized by Justice White in
Commonwealth Coatings, some undisclosed relationships are “too insubstantial to warrant
vacating an award.” Commonwealth Coatings, 393 U.S. at 152 (White, J., concurring). 
Under the circumstances of this case, we conclude that any relationship existing between
Lehrman and Williams’s witness was too insubstantial to warrant vacating the arbitration
award. Accordingly, we hold that Williams has failed to satisfy his burden of showing that
the arbitrator’s nondisclosure would create a reasonable impression of partiality to an
objective observer.
2. Failure to Comply with the Arbitration Agreement
          Williams also contends that Lehrman exceeded his power by not complying with the
arbitration agreement in the method of presentation of the arbitration. Specifically,
Williams complains that Lehrman accepted and considered supplemental evidence
submitted by Flores after her initial brief was filed, in contravention of the arbitration
agreement.
          As the Texas Supreme Court stated, “the authority of arbitrators is derived from the
arbitration agreement and is limited to a decision of the matters submitted therein either
expressly or by necessary implication.” Gulf Oil Corp. v. Guidry, 160 Tex. 139, 327 S.W.2d
406, 408 (1959). Arbitrators, therefore, exceed their authority when they decide matters
not properly before them. City of Baytown v. C.L. Winter, Inc., 886 S.W.2d 515, 518 (Tex.
App.–Houston [1st Dist.] 1994, writ denied).
          Here, Williams does not contend that Lehrman decided an issue that was outside
the scope of the agreement. Williams merely complains that Lehrman incorrectly decided
an issue within the scope of the agreement. Even if true, this would not amount to
Lehrman exceeding his authority. See Action Box Co. v. Panel Prints, Inc., 130 S.W.3d
249, 251-52 (Tex. App.–Houston [14th Dist.] 2004, no pet.).
3. Failure to Hear Evidence Material to the Controversy
          Williams next contends that Lehrman was partial to Flores because he refused to
hear evidence material to the controversy. The evidence Williams complains of is an
audited version of a profit and loss statement which had already been submitted to
Lehrman in Williams’s response.
          The mere exclusion of evidence, without more, does not demonstrate partiality. An
arbitrator is not bound to hear all the evidence tendered by the parties as long as each
party is given an adequate opportunity to present evidence and arguments. Babcock &
Wilcox Co., 863 S.W.2d at 234.
          In this case, Lehrman generously allowed both parties equal opportunity to present
evidence. Further, as Williams admits, the evidence he seeks to include was merely
supportive of evidence already presented in his response. Just because Williams
disagrees with Lehrman’s award in favor of Flores does not mean that Lehrman was partial
to Flores.
4. Miscalculation of Numbers
          Finally, Williams contends the trial court erred in not finding that Lehrman exhibited
partiality to Flores by miscalculating figures in favor of Flores and by failing to find that
Flores misappropriated $1,500.
          A mere mistake of fact or law is insufficient to set aside an arbitration award; only
those errors of fact or law that result in a fraud or some great and manifest wrong and
injustice warrant setting aside an arbitration award. Nuno v. Pulido, 946 S.W.2d 448, 452
(Tex. App.–Corpus Christi 1997, no writ). In the absence of a statutory or common-law
ground to vacate or modify an arbitration award, a reviewing court lacks jurisdiction to
review other complaints, including the sufficiency of the evidence to support the award. 
J.J. Gregory Gourmet Servs., Inc. v. Antone's Import Co., 927 S.W.2d 31, 33 (Tex.
App.–Houston [1st Dist.] 1995, no writ).
          Williams attempts to attack Lehrman’s mathematical assessment of the evidence
by couching his point of error in terms of evident partiality. However, without more, a
party’s mere dissatisfaction with an arbitrator’s calculation of damages does not
demonstrate partiality. See Vernon E. Faulconer, Inc. v. HFI Ltd. P’ship, 970 S.W.2d 36,
40 (Tex. App.–Tyler 1998, no pet.) (claimant’s dissatisfaction with amount of award will not
support judicial modification of that award). Further, a reviewing court may not overturn
an arbitration award based upon the evident miscalculation of numbers unless the mistake
is clear, concise, and conclusive from the record. Crossmark, 124 S.W.3d at 436. The
record on appeal does not establish that Lehrman failed to consider all the evidence
submitted by Williams in his response. Thus, given the presumptions in favor of the
arbitrator’s decision, we conclude that Williams’s argument affords no basis for relief. See
House Grain, 659 S.W.2d at 905-06.
          Williams’s third and fourth points of error are overruled.
 
B. Motion for New Trial
          In his first point of error, Williams asserts he should prevail as a matter of law
because Flores failed to file a response or controverting affidavit to Williams’s sworn
motion for new trial. A motion for new trial is addressed to the trial court’s discretion, and
the trial court’s ruling will not be disturbed on appeal absent a clear abuse of discretion. 
Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984). To establish an abuse of discretion,
the complaining party must demonstrate that the trial court acted unreasonably, arbitrarily,
or without reference to any guiding rules and principles. Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).
          Given our conclusion that Williams has failed to satisfy his burden of showing that
the arbitrator’s nondisclosure would create a reasonable impression of partiality to an
objective observer, we hold the trial court did not abuse its discretion in denying Williams’s
motion for new trial. Accordingly, we overrule William’s first point of error.
C. Application of Common Law Grounds
          By his second point of error, Williams contends the trial court erred in applying
common-law grounds when considering Williams’s motion to vacate the arbitration award. 
In its order denying Williams’s motion to vacate the arbitration award, the trial court’s
conclusions of law encompassed both common-law and statutory grounds. Specifically,
the trial court concluded as follows:
          (1)      The arbitrator in making his decision was not guilty of fraud,
misconduct or such gross mistake as would have implied bad faith or
failure to exercise an honest judgment; and 
 
          (2)      Movant has not met the burden of establishing that the neutral
arbitrator did have the burden to disclose the potential bias as had
been alleged.
 
Williams argues that since the parties entered into a written agreement to arbitrate, the
TGAA applies, and thus, it was reversible error for the trial court to deny his motion to
vacate based, in part, on common-law grounds.
          The legal conclusions of the trial court are not binding upon an appellate court;
instead, the appellate court is free to draw its own legal conclusions. Harlingen Irrigation
Dist. Cameron County No. 1 v. Caprock Communications Corp., 49 S.W.3d 520, 530 (Tex.
App.–Corpus Christi 2001, pet. denied). Appellate courts review the trial court’s
conclusions of law de novo as legal questions. BMC Software Belgium, N.V. v. Marchand,
83 S.W.3d 789, 794 (Tex. 2002). If we determine that a conclusion of law is erroneous,
but the trial court rendered the proper judgment, the erroneous conclusion of law does not
require reversal. Id. We examine the entire record, not just the evidence in support of the
trial court’s legal conclusion. Valsangiacomo v. Americana Juice Import, 35 S.W.3d 201,
205 (Tex. App.–Corpus Christi 2000, pet. dism'd w.o.j.).
          Here, we uphold the trial court’s judgment because Williams has failed to satisfy his
burden of showing that the arbitrator’s nondisclosure would create a reasonable impression
of partiality to an objective observer. Williams’s second point of error is overruled.
          The judgment of the trial court is AFFIRMED.
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Memorandum Opinion delivered and filed 
this the 12th day of August, 2004.