Jay MONDAY d/b/a Monday Construction Company, Appellant,

v.

Rebecca A. COX, Appellee.

No. 04–93–00694–CV.

Court of Appeals of Texas, San Antonio.

May 31, 1994.

Rehearing Denied July 29, 1994.

Gary M. Poenisch, San Antonio, for appellant.

Bryan A. Woods, Bayne, Snell & Krause, San Antonio, for appellee.

Before CHAPA, C.J., and BUTTS and PEEPLES, JJ.

## OPINION

PEEPLES, Justice.

Our opinion dated March 30, 1994, is withdrawn and the following is substituted.

Jay Monday appeals an order refusing to enforce an arbitrator's award of attorney's fees. Appellee Rebecca Cox cross-appeals the court's order enforcing the rest of the arbitrator's award, which rendered a take-nothing judgment on her suit for damages. Monday also seeks attorney's fees for having to enforce the arbitration agreement in court.

Monday built a house for Cox, who alleged that the sprinkler system did not work properly. She notified Monday of the problem. The parties' contract included an arbitration clause committing them to final and binding arbitration of disputes. An arbitrator was chosen and the parties presented to him the issues contained in their written statements of claims. The arbitrator ruled that Cox take nothing on her damage claim for the sprinkler system, that Monday take nothing on his claim for extras, and that Monday recover attorney's fees of $6773.59 plus certain administrative fees. Cox refused to pay and brought suit to set aside the award. We conclude the trial court erred in refusing to enforce the attorney's fee award.

We will first consider Cox's argument that the court erred in (1) failing to set aside the entire award because the arbitrator was biased. We will then consider Monday's arguments that the trial court erred in (2) setting aside the arbitrator's attorney's fees award and in (3) failing to award Monday attorney's fees for successfully defending Cox's suit to set aside the award.

## I. ARBITRATOR BIAS

■ Cox argues that the trial court should have set aside the entire award because of arbitrator bias. She argues that the arbitrator, Harold Kunz, was biased in favor of Monday's attorney in the following way. Attorney Holmes Bennett represented Monday before the arbitrator. Bennett is in the same law firm—Gardner & Ferguson—with attorney William Sommers. The arbitrator was president of Kunz Construction Company. Sommers (Bennett's partner) had sued Kunz's company; as part of an agreement with Sommers, Kunz's company had agreed to try to get recompense from one of the entities involved and then to pay Sommers' clients. Kunz did not disclose any of this to the parties.

The trial court found that this attenuated relationship did not disqualify Kunz, and that he did not err or commit misconduct by failing to disclose it to the litigants. This finding is supported by the evidence and we cannot upset it. There is no indication that Kunz knew the connection between Sommers and Bennett. The trial court expressly found that Kunz did not realize that Sommers was with the same law firm as Bennett until after he had issued the award, and that he had no personal or financial relationship with Monday, his company, or Bennett. Kunz testified that he did not realize they were in the same firm, and that he did not pay attention to such things. The trial court expressly found that there was no basis for setting aside the arbitration due to arbitrator misconduct, corruption, partiality, or bias. These findings are well within the evidence. Cox's cross-point is overruled.

## II. ATTORNEY'S FEES FOR ARBITRATION

■ The next issue is whether the court erred in setting aside the arbitrator's award of attorney's fees to Monday.

■ The Texas courts favor arbitration of disputes. *L.H. Lacy Co. v. City of Lubbock*, 559 S.W.2d 348 (Tex.1977); *Brazoria County v. Knutson*, 142 Tex. 172, 176 S.W.2d 740, 743 (1943). The legislature has sanctioned the practice. *See* Texas General Arbitration Act, TEX.REV.CIV.STAT.ANN. art. 224 *et*

*seq.* (Vernon 1973). The statute expressly authorizes and approves of agreements to arbitrate existing and future disputes. *Id.* arts. 224, 238–20 (Vernon Supp.1994). It permits courts to set aside arbitration awards only in limited circumstances. The issue here is whether under article 238(2), the matter of attorney's fees was submitted to the arbitrator. We hold that it was and that the trial court was therefore without authority to modify that aspect of the decision.

■ The arbitration act provides that an arbitrator shall award attorney's fees when the parties' agreement so specifies or the state's law would allow attorney's fees from a court:

> Attorneys fees shall be awarded by the arbitrators as additional sums required to be paid under the Award only if provided for in the agreement to arbitrate or provided by law as to any recovery in a civil action in the district court on such a cause of action on which the award in whole or part is based.

*Id.* art. 233.

■ The parties' agreement does not mention attorney's fees, but § 17.50(c) of the DTPA says that a defendant may recover attorney's fees if the plaintiff's claim "was groundless and brought in bad faith, or brought for the purpose of harassment." TEX.BUS. & COMM.CODE ANN. § 17.50(c) (Vernon 1987). If Monday's right to DTPA attorney's fees was submitted to the arbitrator, the trial court was not authorized to set it aside. Certainly, with no record from the arbitration hearing a court could not disagree with the arbitrator's implied findings that the requirements of § 17.50(c) were met.

Cox claimed the sprinkler system was defective and sought relief under the DTPA, including attorney's fees. Monday denied that the sprinkler system was defective, sought recovery for extras, and pleaded for attorney's fees. The arbitrator heard evidence and inspected the system at Cox's house. He then rendered a decision denying Cox's claim involving the sprinkler system, denying Monday's claim for extras, and awarding Monday attorney's fees.

■ The courts are not permitted to second-guess the correctness of an arbitrator's decision on the merits. Under the arbitration act, courts may modify an arbitrator's award only if the issue to be modified was not submitted to him (or for other reasons not at issue in this case). *See* Tex.Rev.Civ. Stat.Ann. art. 238 (Vernon 1973).[1] The record shows that both parties sought attorney's fees. Monday's arbitration statement of claims did not mention § 17.50 of the DTPA but it clearly sought attorney's fees. In the "Answering Statement" part of his pleading before the arbitrator, Monday pleaded:

> Monday requests that Cox be awarded no relief on her claims, and Monday recover all of his costs, expenses, and attorneys fees expended in connection with the claim of Cox.

In the "Counterclaim" part of his pleading, in which he sought payment for extras, Monday pleaded:

> Monday premises his claims upon the terms of the contract for construction; the legal theory of *quantum meruit;* and the provisions of § 38.001, Tex.Civ.Prac. & Rem.Code.

■ A fair reading of the first pleading for attorney's fees is that Monday sought them in his defense of Cox's suit. It is true that Monday did not expressly mention § 17.50(c) of the DTPA; but arbitration pleadings should be read at least as liberally as pleadings in civil court. In the absence of a special exception this pleading was adequate to plead for attorney's fees under any statute or other theory. *See Roark v. Allen,* 633 S.W.2d 804, 809–10 (Tex.1982). If the

arbitration pleading was not specific enough, Cox at least had the burden to say so in some way before the arbitration proceeded. Certainly the pleading was sufficient to give her notice that Monday sought attorney's fees. She could not wait until the adverse award and then complain about the specificity of the pleading. We hold that the matter was pleaded and submitted to the arbitrator, and the court therefore exceeded its power in deleting that part of the award on the ground that it was not submitted to the arbitrator.

■ Cox next argues that her contract with Monday contemplated arbitration of contract matters only, not DTPA matters. The contract contains the following arbitration clause:

> All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof ... shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise.... The Award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

We think that all the DTPA issues in this case are "claims, disputes and other matters" that "arise out of" and "relate to" the breach of the contract alleged by Cox. Cox submitted her own DTPA claim to the arbitrator. As we understand her argument, it is that her claim for DTPA remedies relates to the

---

1. Section 238 of the arbitration act states the grounds for *vacating* an award. Tex.Rev.Civ.Stat. Ann. art. 238 (Vernon 1973).

The rules seem to be somewhat different when the arbitration occurs at common law and not pursuant to statute. Statutory arbitration and common-law arbitration exist side-by-side in Texas, and a dispute not arbitrable under the Texas statute can nevertheless be arbitrated under common-law rules. *See L.H. Lacy Co. v. City of Lubbock,* 559 S.W.2d at 351, 353; *Porter v. Irvine,* 658 S.W.2d 711, 713 (Tex.App.—Houston [1st Dist.] 1983, no writ); *Gerdes v. Tygrett,* 584 S.W.2d 350, 352 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.). Once a common-law award has been made, the parties are bound by it unless there is proof of fraud, misconduct, or an error

so gross as to imply bad faith and failure to exercise honest judgment. *See City of San Antonio v. McKenzie Constr. Co.,* 136 Tex. 315, 150 S.W.2d 989, 996 (1941); *House Grain Co. v. Obst,* 659 S.W.2d 903, 905, 906 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.) (emphasis added); *Carpenter v. North River Ins. Co.,* 436 S.W.2d 549, 551 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.), *Albert v. Albert,* 391 S.W.2d 186, 188 (Tex.Civ.App.—San Antonio 1965, writ ref'd n.r.e.); *Alderman v. Alderman,* 296 S.W.2d 312, 316 (Tex.Civ.App.—San Antonio 1956, writ ref'd) ("fraud misconduct, or palpable mistake"). *See also L.H. Lacy Co. v. City of Lubbock,* 559 S.W.2d at 352 (under common law, "parties were bound by the award if no fraud, mistake, or misconduct was involved").

contract dispute, but that Monday's claim for attorney's fees under the same DTPA does not. We reject that notion. It would be utterly incongruous to hold that Cox could litigate DTPA matters before the arbitrator while Monday could not litigate his defensive DTPA matters in the same forum. In our view, the contract's arbitration provision encompasses arbitration of defensive DTPA matters such as attorney's fees when one's opponent seeks relief under the DTPA.

Cox also argues that the arbitration provision was not approved in advance by her attorney and therefore it is unenforceable. But article 224(b) of the statute requires attorney pre-approval only when the total consideration for the contract is $50,000 or less. Tex.Rev.Civ.Stat.Ann. art. 224(b) (Vernon Supp.1994). In the present case, the house was built for $182,600. Article 224 therefore did not require attorney approval.

We hold that the court erred in setting aside the arbitrator's award of attorney's fees to Monday.

### III. ATTORNEY'S FEES FOR ENFORCEMENT

The final issue is whether the court should have granted Monday his attorney's fees for having to seek court enforcement of the arbitration award because Cox breached her agreement to acquiesce in the arbitrator's award. His argument is that Cox agreed in writing that the arbitrator's decision would be final and would become the court's judgment; he had to go to court to enforce that contractual agreement.

In Texas one cannot recover attorney's fees in the absence of a contractual provision or a statute. *First City Bank v. Guex*, 677 S.W.2d 25, 30 (Tex.1984). Texas law allows recovery of attorney's fees in addition to a valid claim when the claim is for an oral or written contract.[2] This suit, Monday says, is a suit to enforce the contract terms—that the award will be final and become the court's judgment—not merely to enforce the arbitrator's award itself. We note that the arbitration act does not authorize recovery of attorney's fees, but of costs alone.[3] A statute authorizing recovery of costs does not cover attorney's fees. *American Airlines, Inc. v. Swest, Inc.*, 707 S.W.2d 545, 548 (Tex.1986); *State v. Estate of Brown*, 802 S.W.2d 898, 901 (Tex.App.—San Antonio 1991, no writ).

We conclude that the court correctly declined to award Monday attorney's fees for enforcing the award in court. Section 38.001 authorizes attorney's fees only when a litigant "recovers" on a valid "claim." Monday did not recover on a claim. He defeated Cox's claim and lost on his own claim for extras. Article 238–1 does not authorize attorney's fees because it covers costs only. We must deny Monday's claim for attorney's fees for enforcing the arbitrator's award in court.

Nothing in this opinion prevents parties from providing by contract that the court shall award the prevailing party its attorney's fees in a suit to enforce the arbitration agreement.

We reverse the trial court's order denying Monday the $6773.59 in attorney's fees awarded by the arbitrator, and we render judgment that Monday recover that amount. In all other respects, the judgment is affirmed.

---

2. "A person may recover reasonable attorney's fees ... in addition to the amount of a valid claim and costs, if the claim is for: ... (8) an oral or written contract." Tex.Civ.Prac. & Rem. Code § 38.001 (Vernon 1986).

3. "Upon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree. Costs of the application and of the proceedings subsequent thereto, and disbursements may be awarded by the court." Tex.Rev.Civ.Stat. Ann. art. 238–1 (Vernon 1973).