Opinion issued February 10, 2005
     








In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00584-CV




WOMEN’S REGIONAL HEALTHCARE, P.A., Appellant

V.

FEMPARTNERS OF NORTH TEXAS, INC. AND FEMPARTNERS, INC.,
Appellees




On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2002-45350




O P I N I O N
          This is an appeal of the trial court’s confirmation of an arbitration award of
$805,927.39 to appellees, FemPartners of North Texas, Inc. and FemPartners, Inc. 
In two issues, appellant, Women’s Regional Healthcare, P.A. (WRH), contends that
the contract that contained an arbitration provision was illegal because it violated the
unauthorized-corporate-practice-of-medicine doctrine and, therefore, the arbitration
clause was unenforceable because it was included in an illegal contract. We affirm.
Background
          FemPartners is a company that acquires the assets of obstetrics and
gynecological practices to operate and to manage those practices. In September 1999,
FemPartners and WRH entered into a contract to which each party refers as a “Service
Agreement.” FemPartners was appointed the sole and exclusive manager of all non-medical functions and services related to the acquired clinic. Under the terms of the
agreement, FemPartners agreed to provide office space and facilities, clinic supplies,
support personnel, physician recruiting services, administrative management services,
billing and collection services, legal and accounting services, and financial advisory
services, for which it would receive 20% of the clinic’s net revenues. FemPartners 
was also authorized to recommend fees in connection with the goods and services
provided by WRH, and to market, negotiate, and administer all managed care
contracts. However, FemPartners was expressly prohibited from exercising control
over the physician-patient relationship, and only WRH was authorized to practice
medicine, hire physicians, or document patient care. WRH also expressly retained
“absolute and independent control over the diagnosis and treatment of patients and
all other medical and ethical affairs.”
          After a dispute arose between the parties, WRH demanded arbitration in July
2002 in accordance with the arbitration clause in its service agreement with
FemPartners. WRH sought damages and termination of the contract. FemPartners
counterclaimed, contending that WRH had breached the contract and was not entitled
to termination. Over two years later, on the eve of the arbitration hearing, WRH filed
a response to FemPartners’ counterclaim, contending for the first time that the service
agreement was illegal. After considering evidence regarding both the legality of the
contract and the alleged breaches by both parties, the arbitration panel awarded
FemPartners damages. FemPartners filed an application in the trial court to confirm
the award pursuant to section 171.082 of the Civil Practices and Remedies Code. 
Tex. Civ. Prac. & Rem. Code Ann. § 171.082(a) (Vernon Supp. 2004-2005). WRH
responded by filing a motion to vacate the award pursuant to section 171.088 of the
Code. Id. § 171.088 (Vernon Supp. 2004-2005) (specifying grounds for vacation of
arbitration awards). The trial court confirmed the award, and this appeal ensued.
          WRH argues that the contract containing the arbitration provision was void
because it violated the unauthorized-corporate-practice-of-medicine doctrine; thus,
there was no enforceable arbitration clause and, since the arbitration clause was
unenforceable, the court had to return the parties to the status quo prior to the
arbitration. FemPartners contends that WRH has waived any complaint because
WRH initiated the arbitration and never objected to it. FemPartners also argues that
WRH did not assert a proper statutory basis for vacating the award. We first consider
whether WRH has properly asserted a statutory basis to vacate the arbitration award.                                                          Discussion
Vacation of Arbitration Award Under Section 171.088(a)(4)
          Unless a party relies on a statutory basis to vacate an arbitration award, the trial
court must affirm the award. See Tex. Civ. Prac. & Rem. Code Ann. § 171.087
(Vernon Supp. 2004-2005); Jamison & Harris v. Nat’l Loan Investors, 939 S.W.2d
735, 737 (Tex. App.—Houston [14th Dist.] 1997, pet. denied). Under section 171.088
of the Civil Practices and Remedies Code, a court may vacate an arbitration award
under only four circumstances: (1) the award was procured by fraud, corruption, or
other undue means; (2) there was evident partiality, corruption, or willful misconduct
by the arbitrator that prejudices the rights of a party; (3) the arbitrator exceeded its
power, refused to postpone the hearing on good cause shown, or refused to hear
evidence; or (4) “there was no agreement to arbitrate, the issue was not adversely
determined in a proceeding under Subchapter B, and the party did not participate in
the arbitration hearing without raising the objection.”


 See Tex. Civ. Prac. & Rem.
Code Ann. §171.088(a).
 
          On appeal, WRH relies upon the last statutory ground for vacatur, arguing that
(1) there was no valid arbitration agreement, (2) the issue was not adversely
determined in proceedings to stay or compel arbitration, and (3) it did not participate
in the arbitration without raising the objection that there was no valid arbitration
agreement. In sum, WRH argues that there was no agreement to arbitrate because the
service agreement containing the arbitration agreement was illegal, the issue of
whether there was a valid agreement to arbitrate was not decided pursuant to a motion
to stay or compel arbitration, and WRH raised the issue of the illegality of the service
agreement in the arbitration. We disagree with WRH’s contention that it has satisfied
the criteria for seeking vacatur of the arbitration award under section 171.088(a)(4).
          In construing a statute, we must give effect to the plain meaning unless to do so
would render the statute absurd or meaningless. Chevron Corp. v. Redmon, 745
S.W.2d 314, 316 (Tex. 1987); Mueller v. Beamalloy, Inc., 994 S.W.2d 855, 860 (Tex.
App.—Houston [1st Dist.] 1999, no pet.). The arbitration statute is written in such a
way as to ensure that an arbitration award is set aside only in limited circumstances. 
Monday v. Cox, 881 S.W.2d 381, 384 (Tex. App.—San Antonio 1994, writ denied). 
Because we must accord great deference to arbitration awards, judicial scrutiny of
these awards focuses on the integrity of the arbitration process, not on the propriety
of the result. Burlington N. R.R. Co. v. Tuco, Inc., 912 S.W.2d 311, 315 (Tex.
App.—Amarillo 1995), modified on other grounds, 960 S.W.2d 629 (1996). In
interpreting section 171.088(a)(4), therefore, we focus on the integrity of the
arbitration process.
          Section 171.008(a)(4) provides that a court may vacate an arbitration award
when “there was no agreement to arbitrate, the issue was not adversely determined
in a proceeding under Subchapter B, and the party did not participate in the arbitration
hearing without raising the objection.” Tex. Civ. Prac. & Rem. Code Ann. §
171.088(a) (emphasis added). An objection to the validity of a contract containing an
agreement to arbitrate as a whole does not satisfy the statute. Rather, if the parties’
dispute arises from a contract containing an arbitration clause, a challenge to the
contract as a whole—as opposed to a challenge specific to the arbitration clause
itself—must be resolved by the arbitrators. See In re David’s Supermarkets, Inc., 43
S.W.3d 94, 98 n.7 (Tex. App.—Waco 2001, no pet.) (citing Prima Paint Corp. v.
Flood & Conklin Mfg. Co., 388 U.S. 395, 404, 87 S. Ct. 1801, 1806 (1967)). The
general principle was first enunciated by the United States Supreme Court in Prima
Paint, 388 U.S. at 403-04, 406, 87 S. Ct. at 1806, 1807 (holding that statutory
language of Federal Arbitration Act does not permit court to consider claims of fraud
in inducement generally, but only fraud in inducement of arbitration clause itself). 
The United States Court of Appeals for the Fifth Circuit has explained the rule in
language we find persuasive:
[W]here parties have formed an agreement which contains an arbitration
clause, any attempt to dissolve that agreement by having the entire agreement
declared voidable or void is for the arbitrator. Only if the arbitration clause is
attacked on an independent basis can the court decide the dispute; otherwise,
general attacks on the agreement are for the arbitrator.
. . . .
[T[he separability doctrine rests on the assumption that there is an
underlying agreement. That one of the parties later disputes the enforceability
of that agreement does not change the fact that at some point in time, the parties
reached an agreement, and that agreement included the decision to arbitrate
disputes arising out of the agreement. The existence of this agreement provides
the arbitrator with the authority required to decide whether the agreement will
continue to exist. Even if the arbitrator concludes that the agreement was void,
and the parties are returned to their pre-agreement positions as if the agreement
never existed, the agreement existed long enough to give the arbitrator the
power to decide the dispute.
 
Will-Drill Res., Inc. v. Samson Res. Co., 352 F.3d 211, 218-19 (5th Cir. 2003)
(emphasis in original) (citations omitted).


 
          From the plain language of the statute, read in light of the separability doctrine,
we conclude that, to preserve its right to appeal the arbitration award under section
171.088(a)(4) of the Civil Practice and Remedies Code, WRH was required to object
specifically to the arbitration itself on the ground that there was never any agreement
to arbitrate between the parties. See id. § 171.008(a)(4). This it did not do.
Propriety of Appeal of Arbitral Award in Favor of FemPartners Under
Section 171.088(a)
 
           The record in this case shows that, although WRH raised the issue of the
service agreement’s illegality before arbitration commenced, WRH did not allege prior
to the arbitration that no agreement to arbitrate had ever existed; nor did it allege in
its arbitration claim that the arbitration clause was invalid under general principles of
contract law applicable to every contract; nor did it object to participating in the
arbitration on the ground that there was no agreement to arbitrate. Rather, the parties
acknowledged their agreement to arbitrate by WRH’s own invocation of the arbitration
clause in the service agreement and FemPartners’ failure to object to submission of the
dispute to arbitration. WRH itself initiated the arbitration proceeding pursuant to the
arbitration clause in the service agreement, and it alleged in its amended arbitration
pleadings that the service agreement as a whole was unenforceable under the
substantive statutory law applicable to the dispute, the Medical Practices Act — not
that the arbitration clause was void. It argued, “the contractual agreement between
[the parties] is void and unenforceable because it violates the Texas Medical Practice
Act as FemPartners is engaged in the unauthorized corporate practice of medicine.” 
The question of the validity of the contract as a whole was a legal issue for the
arbitrators to decide; and they decided it. See David’s Supermarkets, 43 S.W.3d at 98
n.7. We hold that WRH failed to satisfy the statutory criteria for setting aside the
award under section 171.008(a)(4) of the Civil Practice and Remedies Code.



Conclusion
          Because our ruling on this issue is dispositive, we decline to address WRH’s
remaining issues.
          We affirm the trial court’s judgment.
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.