Affirmed and Opinion filed March 24, 2005









Affirmed
and Opinion filed March 24, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00009-CV

_______________

 

BAKER HUGHES OILFIELD
OPERATIONS, INC., Appellant

 

V.

 

HENNIG
PRODUCTION CO., INC., Appellee

___________________________________________________________________

 

On Appeal from the 270th District Court

Harris County, Texas

Trial Court Cause No. 03‑33531

___________________________________________________________________

 

O P I N I O N








In this
arbitration case, Baker Hughes Oilfield Operations appeals from a summary
judgment in favor of Hennig Production Company confirming an arbitration award
and from the trial court=s order denying Baker Hughes= request to vacate or modify the
award.  Baker Hughes argues the trial
court erred in (1) granting summary judgment because the arbitrators allegedly
exceeded their powers; (2) modifying the arbitration award; and (3) failing to
issue findings of fact.  We hold the
arbitrators did not exceed their powers and the trial court did not otherwise
err, accordingly we affirm the trial court=s judgment.

I.  Facts and Procedural Background

Hennig
contacted Baker Hughes about perforating a formation in a well Hennig was
operating. On July 30, 2001, Baker Hughes= employees came to the well site and
fired the perforation charges; however, the perforating toolCthe Agamma gun@Ccollapsed in the well and Baker
Hughes= employees were unable to remove
it.  They rigged down the service unit,
leaving the tool in the well.  Hennig
subsequently performed Afishing@ operations, attempting to retrieve the tool.  

On
September 12, 2001, Hennig signed Baker Hughes= field service order for Alost tools,@ and on September 28, Baker Hughes
invoiced Hennig for the tool remaining in the well.  Shortly thereafter, Hennig retrieved a part
of the tool from the well and then refused to pay Baker Hughes= invoice, claiming the recovered part
indicated the tool had collapsed because it did not conform to Hennig=s pressure specifications.  

Baker
Hughes filed a demand for arbitration in accordance with the arbitration
provision contained in its field service order, seeking damages from Hennig for
lost tools, interest, and attorneys= fees.  Hennig counterclaimed for damages to the well
resulting from the collapse of the perforating tool.  The arbitration lasted four days, during
which time the panel received testimony from twelve witnesses, admitted
twenty-nine exhibits from Baker Hughes, and fifty-eight exhibits from
Hennig.  The parties filed numerous
arbitration pleadings, submitted post-hearing briefs and presented oral
arguments.  The panel found in favor of
Hennig, awarding $351,090.43 in damages.

Hennig
filed a motion to confirm and enforce the arbitration award in the trial court,
but subsequently filed a motion for summary judgment seeking confirmation.  Baker Hughes filed a motion to vacate the
award or, alternatively, to modify it. 
The trial court considered both motions and signed a final summary
judgment in favor of Hennig.  This appeal
ensued. 








II. 
Analysis

In its
first appellate issue, Baker Hughes contends the arbitrators exceeded their
powers and therefore, the trial court erred in confirming the arbitration award
and in denying its motion to vacate. 
Baker Hughes asserts in its second issue that the trial court improperly
modified the award by including a date for the accrual of prejudgment interest
and, in its third issue, argues the trial court erred in failing to file
findings of fact.  We address Baker
Hughes= third issue first because, should we
sustain the issue, we must remand the case to the trial court.

A.        Findings of
Fact

Baker
Hughes requests we abate this appeal and remand to the trial court for entry of
findings of fact regarding the court=s order denying Baker Hughes= motion to vacate or modify the
arbitration award.  Although the trial
court rendered a summary judgment, Baker Hughes argues that findings of fact
are required because the trial court signed a separate order denying its motion
to vacate and the hearing on that motion was not a summary proceeding.








It is
well settled that findings of fact are not proper in a summary judgment
context.  See, e.g., IKB Indus.
(Nigeria) Ltd. v. Pro-Line Corp., 938 S.W.2d 440, 441B42 (Tex. 1997); Golden v. McNeal,
78 S.W.3d 488, 495 (Tex. App.CHouston [14th Dist.] 2002, pet. denied). There cannot be a
genuine issue as to any material fact for summary judgment to be properly
rendered and the legal grounds are limited to those stated in the summary
judgment motion and any response.  IKB
Indus., 938 S.W.2d at 441.  Hence,
there are no facts to find.  Id.   Because this case was disposed of through
summary judgment, we conclude that findings of fact are not warranted under the
circumstances of this case.  Moreover,
many of Baker Hughes= proposed findings and conclusions were contrary to the trial
court=s judgment and thus, were properly
denied.  See In re Marriage of
Grossnickle, 115 S.W.3d 238, 254 (Tex. App.CTexarkana 2003, no pet.).  Accordingly, we reject Baker Hughes= request for a remand to the trial
court to issue findings of fact and overrule its third issue. 

B.        Arbitration
Proceedings

Baker
Hughes also argues the arbitrators exceeded their powers by deciding an issue
that was not submitted to them and, further, they committed a Agross mistake@ that requires vacating the
arbitration award.  Both parties agree
the suit is governed by the Texas Arbitration Act (ATAA@),[1]
and we examine Baker Hughes= arguments with reference to that statute when necessary.

1.         Standard
of review

Texas
substantive law favors arbitration. Crossmark, Inc. v. Hazar, 124 S.W.3d
422, 429 (Tex. App.CDallas 2004, pet. denied). 
An arbitration award has the same effect as the judgment of a court of
last resort, and a court reviewing the award may not substitute its judgment
for that of the arbitrators merely because it would have reached a different
result.  Id.  Nor may a reviewing court set aside an
arbitration award for a mere mistake of fact or law.  Id.; Anzilotti v. Gene D. Liggin,
Inc., 899 S.W.2d 264, 266 (Tex. App.CHouston [14th Dist.] 1995, no
writ).  A reviewing court lacks
jurisdiction to review complaints that do not assert statutory, common law, or
public policy grounds to vacate or modify the award.  Crossmark, 124 S.W.3d at 429 (citing
CVN Group, Inc. v. Delgado, 95 S.W.3d 234, 239 (Tex. 2002)).








Under
the TAA, upon application by a party, the trial court Ashall@ confirm an arbitration award unless
the party opposing confirmation presents grounds for vacating, modifying, or
correcting the award.  Tex. Civ. Prac. & Rem. Code Ann. ' 171.087.  An application under the Act is heard in the
same manner and on the same notice as a motion in a civil case.  Id. ' 171.093.  Generally, a summary judgment motion is not
required for the trial court to confirm, modify, or vacate an arbitration
award, but if a party chooses to pursue confirmation of the award through
summary judgment proceedings rather than the motion procedure under the TAA,
that party assumes the traditional burdens and requirements of summary judgment
practice.  Crossmark, 124 S.W.3d
at 430 (citing Mariner Fin. Group, Inc. v. Bossley, 79 S.W.3d 30, 32, 35
(Tex. 2002)).  Therefore, although we
apply the standards of review for arbitrations, we also apply those for summary
judgments.  See id. at 430B31; Teleometrics Int=l, Inc. v. Hall, 922 S.W.2d 189, 193 (Tex. App.CHouston [1st Dist.] 1995, writ
denied).  To the extent presumptions in
favor of an arbitration award conflict with summary judgment standards of
review, the arbitration rules Amust yield to . . . the presumptions in favor of a non‑movant.@ 
Tuco Inc. v. Burlington N. R.R. Co., 912 S.W.2d 311, 315 (Tex.
App.CAmarillo 1995), aff=d as modified, 960 S.W.2d 629 (Tex. 1997).  Where the parties do not dispute the facts,
review of a summary judgment properly focuses on whether the trial court
correctly applied the law to the facts.  Crossmark,
124 S.W.3d at 431.  Any error of law made
by the arbitrators, however, cannot be reviewed by a court confirming the
award.  Id. at 434.  

Here,
Hennig sought to confirm the arbitration award through summary judgment and
thus, it had the burden to show there were no genuine issues of material fact
prohibiting confirmation of the award, that is, no material facts regarding the
grounds asserted by Baker Hughes to vacate, modify, or correct the award.  See Crossmark, 124 S.W.3d at 431; Brozo
v. Shearson Lehman Hutton, Inc., 865 S.W.2d 509, 510B11 (Tex. App.CCorpus Christi 1993, no writ); see
also Tex. Civ. Prac. & Rem. Code
Ann. ' 171.087 (Vernon Supp. 2004B05) (AUnless grounds are offered for vacating,
modifying, or correcting an award . . . the court, on application of a
party, shall confirm the award.@); Mariner, 79 S.W.3d at 32.  








Baker
Hughes relies on two statutory grounds for relief from the arbitration
award:  Sections 171.088 and 171.091 of
the Civil Practice and Remedies Code.  See Tex.
Civ. Prac. & Rem. Code Ann. '' 171.088(a)(3)(A), 171.091(a)(2).[2]  We examine Baker Hughes= claims. 

2.         Baker
Hughes= Aexceeded powers@ claims

Baker
Hughes acknowledges the arbitrators= authority is derived from the
arbitration agreement and is limited to a decision of the matters submitted
therein, either expressly or by necessary implication.  Gulf Oil Corp. v. Guidry, 327 S.W.2d 406,
408 (Tex. 1959); J.J. Gregory Gourmet Servs., Inc. v. Antone=s Import Co., 927 S.W.2d 31, 35 (Tex. App.CHouston [1st Dist.] 1995, no
writ).  Here, Baker Hughes= field service order contained the
agreement to arbitrate,[3]
stating the parties would arbitrate Aany controversy or claim arising out
of or relating to the Agreement or to [Baker Hughes=] services, equipment, or products
provided to Customer.@  This is, by its plain
language, a broad arbitration provision and subsumes any controversy or
claim arising out of or relating to Baker Hughes= services.  See Babcock & Wilcox Co. v. PMAC, Ltd.,
863 S.W.2d 225, 231 (Tex. App.CHouston [14th Dist.] 1993, writ denied).  Baker Hughes acknowledges this as well.  But, Baker Hughes= argues that because Hennig failed to
specifically plead breach of contract claims and Adisavowed@ this was a contract case, Hennig
removed contract claims from the Ascope of the arbitration,@ and consequently, by deciding the
issue, the arbitrators exceeded their powers.   









In
support of its argument, Baker Hughes relies on City of Baytown v. C.L.
Winter, Inc., 886 S.W.2d 515, 518B19 (Tex. App.CHouston [1st Dist.] 1994, writ
denied).  In City of Baytown, the
appellant argued the arbitrators exceeded their powers because, in part, the
appellee never complained about an issue in its original or amended
specification of claims.  886 S.W.2d at
518.  The court disposed of the issue by
noting that the broad arbitration provision in that caseCcovering Aall questions of dispute@Cpermitted the arbitrators to render
an award based on the issue, stating A[i]n light of the broad arbitration
clause . . . the arbiters did not exceed their authority.@ 
Id.  In its examination of
the issue, however, the court included the parties= Apleadings@ as well as the appellee=s specification of claims.  Id. 
Relying on that language, Baker Hughes asserts that a determination of
the arbitrators= powers is based on the parties= specific claims.[4]  We reject this assertion.  It has long been held that the arbitrators= powers are defined by the arbitration
agreement.  Gulf Oil Corp, 327
S.W.2d at 408.  City of Baytown does
not represent a contrary conclusion. 
Indeed, the Baytown court expressly affirmed this long standing
principle and concluded that the broad arbitration provision covered all questions
of dispute between the parties, including the issue appellant alleged was not
raised in the claims.  886 S.W.2d at
518.    








Baker
Hughes= argues that Hennig did not
specifically assert a breach of contract claim in its initial pleadings and
therefore, the arbitrators= powers were limited to Hennig=s DTPA and breach of warranty
claims.  Reading the arbitration
agreement and pleadings as narrowly as Baker Hughes advocates is contrary to
Texas law.  See Guidry, 327 S.W.2d
at 408 (stating the arbitration agreement defines the arbitrators= powers and they decide issues
expressly and impliedly submitted); see also Monday v. Cox, 881 S.W.2d
381, 385 (Tex. App.CSan Antonio 1994, writ denied) (stating arbitration pleadings
are to be construed liberally).  Baker
Hughes= argument is also contrary to law
favoring arbitration.  Thus, we cannot
agree with Baker Hughes= contention.[5]   

Moreover,
even were we to look to the parties= arbitration pleadings in this case
to determine whether the arbitrators exceeded their powers by deciding an issue
not submitted to themCbut within the scope of the agreementCthe pleadings reflect that Hennig=s contract claims were in fact
submitted for a determination by the panel.    


3.         Contract
claims were submitted to the arbitrators








In its
demand for arbitration, Baker Hughes defined the nature of the dispute as A[Hennig] has failed to make payments
for work performed and services provided by [Baker Hughes].@ 
In response, Hennig alleged violations of the DTPA, misrepresentations,
breach of express warranties, negligence, negligent misrepresentation,
defective performance of contract, and reckless conduct by Baker Hughes.  Hennig also asserted that Baker Hughes= express warranties constituted a
modification of the contract terms and disclaimers between the parties.  Subsequent arbitration pleadings filed by the
parties also reflect that various contract claims were raised and submitted to
the arbitrators.  See Thomas v.
Prudential Sec., Inc., 921 S.W.2d 847, 849 (Tex. App.CAustin 1996, no writ) (stating that
when parties actually submit an issue to the arbitrators, courts look to the
scope of the submissions to determine if an arbitration panel exceeded its
authority).  Further, throughout the
arbitration proceedings, Baker Hughes argued Hennig=s claims were merely breach of
contract claims and Hennig asserted that Baker Hughes= liability in the case arose from
both tort and contract principles. 
Importantly, in its post-hearing brief, Hennig argued that its
counterclaims involved tools and services provided by Baker Hughes pursuant
to an oral agreement between the parties. 
Baker Hughes responded to Hennig=s claim, arguing that Hennig was
bound to the terms of the field service order as the written agreement of the
parties and was bound to its assumption of the risk, to the entireties clause,
and the indemnification and hold harmless provisions contained in the
agreement.[6]  

Plainly,
the parties submitted breach of contract claims to the arbitrators, Baker
Hughes responded, and the arbitrators decided the matter in Hennig=s favor.  We reject Baker Hughes= argument that the arbitrators
exceeded their powers by deciding breach of contract issues.

Likewise,
we reject Baker Hughes= assertion that because Hennig asserted tort claims, Hennig
avoided parol evidence issues and Baker Hughes= contract and UCC defenses.  The record reflects that Baker Hughes= contract and UCC defenses were
submitted to the arbitrators and rejected by them.  For example, in its response to Baker Hughes= request for summary disposition,
Hennig listed Baker Hughes= arguments in part as: (1) the risk of loss was allocated to
Hennig under the contract; (2) Baker Hughes disclaimed implied warranties of
merchantability and fitness for a particular purpose; and (3) Baker Hughes= contract limited its liability to
compensation received from Hennig.  These
statements evidence that Baker Hughes asserted breach of contract and UCC
defenses, Hennig responded to those defenses, and the panel considered, but
rejected those defenses.

4.         Baker Hughes= Agross mistake@ claims








Regarding
Baker Hughes= first issue, we address its common-law
argument that, by awarding Hennig cost-of-repair damages, the panel failed to
exercise honest judgment, committing a Agross mistake@ which requires vacating the award.[7]  Baker Hughes claims that the award of damages
was in error because Hennig failed to prove its repairs were reasonable and
necessary and only proved their actual cost.

Under
the common law, an arbitration award may be set aside if the decision appears
to be tainted with Agross mistake as would imply bad faith and failure to
exercise honest judgment.@  IPCO‑G.&C.
Joint Venture v. A.B. Chance Co., 65 S.W.3d 252, 258 (Tex. App.CHouston [1st Dist.] 2001, pet.
denied). 

A party
seeking recovery for costs of repair must prove their reasonable value.  Ebby Halliday Real Estate, Inc. v. Murnan,
916 S.W.2d 585, 589 (Tex. App.CFort Worth 1996, writ denied).  However, to establish the right to recover
repair costs, it is not necessary to use the words Areasonable@ and Anecessary.@ 
Id.  A claimant need only
present sufficient evidence to justify the finding that the costs were
reasonable and the repairs necessary.  Id.


Here,
Hennig pleaded that its fishing operations were reasonable, prudent, and in
accordance with generally accepted standards. 
Importantly, Baker Hughes argued that Hennig=s damages, if any, and if not precluded
by the contract, were limited to the cost of repairing the well, which it
stated was $351,090.43.  In its
arbitration award, the panel stated that it was Aundisputed@ that the fishing costs were
$351,090.43, Awhich the Arbitration Panel find[s]
to be reasonable and necessary.@  Based on the
foregoing, the record does not demonstrate a Agross mistake@ was made.

In
conclusion, regarding Baker Hughes= first issue, the agreement to
arbitrate is a broad provision and covers the contract issues submitted by the
parties to the arbitrators.  The
arbitrators did not exceed their powers, and we overrule Baker Hughes= first issue. 








C.        Prejudgment
Interest

In the
arbitration award, Hennig received prejudgment interest Aat 6% per annum until the date of the
Arbitration Award,@ but the date prejudgment interest began accruing was
omitted.  In its final judgment, the trial
court corrected the award to include an accrual date, inserting the day Baker
Hughes filed for arbitration.  In its
second appellate issue, Baker Hughes argues this was error because it resulted
in the trial court, rather than the panel, deciding a substantive legal issue
affecting the merits of the controversyCthe amount of prejudgment
interest.  Hennig argues in response that
the award is imperfect in form, the date inserted as an accrual date is
contained in the award, inclusion of an accrual date does not impact the merits
of the controversy, and therefore, under the TAA, the trial court=s correction was permissible.  We agree. 


Under
the TAA, a reviewing court may modify or correct an arbitration award only
under very limited circumstances.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 171.091.  As it applies to this case, the TAA provides
that a court Ashall@ modify or correct an award if, on
timely application, Athe form of the award is imperfect in a manner not affecting
the merits of the controversy.@  Id. ' 171.091(a)(3).  Further, if the application to modify is
granted, the trial court Ashall modify or correct the award to effect its intent.@ 
Id. ' 171.091(c).  The trial
court, however, cannot speculate as to the intent of the arbitrators.  Riha v. Smulcer, 843 S.W.2d 289, 293
(Tex. App.CHouston [14th Dist.] 1992, writ
denied).








A
prevailing party receives prejudgment interest as a matter of course.  See Bituminous Cas. Corp. v. Vacuum Tanks,
Inc., 75 F.3d 1048, 1057 (5th Cir. 1996) (A[A]n equitable award of prejudgment
interest should be granted to a prevailing plaintiff in all but exceptional
circumstances.@). 
In this case, the panel awarded Hennig prejudgment interest, but failed
to include a date enabling its calculation. 
The date inserted by the trial court conforms to the prejudgment
interest calculations required under Texas law. 
See Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,
962 S.W.2d 507, 531 (Tex. 1998) (holding that prejudgment interest begins to
accrue on the earlier of (1) 180 days after the date a defendant receives
written notice of a claim or (2) the date suit is filed, and is computed as
simple interest).  Indeed, in response to
Hennig=s request to include an accrual date,
Baker Hughes argued that the correct date was either the 180th day after
written notice of the claim or the date suit was filed, whichever was earliest.  The date inserted by the trial court adopts
Baker Hughes= argument.[8]  Moreover, on appeal, Baker Hughes does not
argue that the date inserted is incorrect, nor that fact issues indicate
another date would be more correct. 
Baker Hughes argues only that its inclusion affects the merits of the
controversy.








This is
not a case in which the arbitrators did not award prejudgment interest, yet a
trial court modified the award to include it.[9]  This case is also distinguishable from the
case relied on by Baker Hughes, International Bank of CommerceBBrownsville v. International Energy
Development Corp.,
981 S.W.2d 38, 53B54 (Tex. App.CCorpus Christi 1998, pet. denied).  In that case, the trial court modified the
post-judgment interest rate awarded by the arbitrators.  Id. 
The appellate court determined the trial court erred because there was
no statutory or case law supporting the modification.  Id. 
Here, however, the trial court did not modify the prejudgment interest
rate or the award of interest itself; instead, the trial court=s judgment merely effectuates the
arbitrators= award of interest and is therefore
permitted under Section 171.091, which directs the court to modify the form of
an otherwise imperfect award. See Tex.
Civ. Prac. & Rem. Code Ann. ' 171.091(a)(3), (c). 

As
evidenced by the award, the arbitrators intended to award prejudgment
interest.  Thus, the trial court did not
resort to speculation regarding the arbitrators= intent, but only corrected the form
of an imperfect award to effectuate that intent.  We conclude that the trial court did not err
in correcting the arbitration award, and Baker Hughes= second issue is overruled. 

D.        Sanctions

Finally,
Hennig requests we award damages under Rule of Appellate Procedure 45 against
Baker Hughes for filing a frivolous appeal. 
See Tex. R. App. P. 45.  If a court of appeals determines an appeal is
frivolous, it may, after notice and a reasonable opportunity for response,
award just damages to the prevailing party. 
Id.  Granting sanctions is
discretionary, and we must exercise that discretion Awith prudence, caution, and after
careful deliberation.@  Rios v.
Northwestern Steel & Wire Co., 974 S.W.2d 932, 936 (Tex. App.CHouston [14th Dist.] 1998, no
pet.).  We impose sanctions only under
those circumstances we find truly egregious. 
Chapman v. Hootman, 999 S.W.2d 118, 124 (Tex. App.CHouston [14th Dist.] 1999, no pet.).

Hennig
contends that sanctions are appropriate because Baker Hughes presented an
incomplete record on appeal, raised critical issues for the first time on
appeal, and filed an inadequate brief misstating the record and making
unsupported accusations.  We do not agree
that the record in this case evidences such egregious circumstances that
sanctions against Baker Hughes are warranted. 
Accordingly, we decline Hennig=s request.








III.  Conclusion

In
conclusion, the broad arbitration provision in this case encompasses the
contract issues submitted to the arbitrators for their decision.  The arbitrators did not exceed their powers,
nor did the trial court err by inserting the date Baker Hughes filed for
arbitration as the prejudgment interest accrual date or in failing to issue
findings of fact. We overrule all of Baker Hughes= appellate issues and affirm the
trial court=s judgment.  

 

/s/        Eva M.
Guzman

Justice

 

Judgment rendered and Opinion filed
March 24, 2005.

Panel consists of Justices Yates,
Edelman, and Guzman. 

 

 











[1]  Tex. Civ. Prac. & Rem. Code Ann. ' 171.001B.098
(Vernon Supp. 2004B05).  





[2]  Section
171.088(a)(3)(A) provides that a court shall vacate an award if the arbitrators
exceeded their powers.  Tex. Civ. Prac. & Rem. Code Ann. ' 171.088.  Section
171.091(a)(2) provides that a court shall modify or correct an award if the
arbitrators have made an award with respect to a matter not submitted to them
and the award may be corrected without affecting the merits of the decision.  Id. '
171.091.





[3]  The parties
stipulated that the contract between them for purposes of the arbitration and “disposition
of their respective claims” was as represented in Baker Hughes’ field service
order.   





[4]  Baker Hughes
also relies on Monday v. Cox, 881 S.W.2d 381, 385 (Tex. App.CSan Antonio 1994, writ denied).  In that case, the appellate court reviewed
the trial court’s order refusing to enforce the arbitrator=s award of attorney=s
fees.  Id. at 383.  The parties’ agreement also contained a broad
arbitration clause.  Id. Noting
the deference given to the arbitrator’s decision, the court looked to the
limited statutory provisions enabling a trial court to set aside an award and
concluded, under those circumstances, that the issue was whether the matter of
attorney’s fees had been submitted to the arbitrator.  Id. at 384.  To determine this, the appellate court also
examined the parties’ statements of claims presented to the arbitrator,
determined the matter had been submitted, and concluded the trial court erred
in setting aside that portion of the award. 
Id. at 383B84.  In this
case, there is nothing in the record to indicate the parties narrowed the scope
of the arbitration agreement through a submission agreement, or any other such
agreement.





[5]  To the extent
Baker Hughes argues a party is prohibited from asserting both tort and contract
claims in an arbitration proceeding, we reject that position as well.  When the arbitration agreement between
parties is broad, such as the one here and covers “any claims,” the parties may
bring tort claims arising in connection with the dispute.  See, e.g., Jack B. Anglin Co. v.
Tipps, 842 S.W.2d 266, 271 (Tex. 1992) (holding DTPA claims were
arbitrable); Kline v. Quinn, 874 S.W.2d 776, 782 (Tex. App.CHouston [14th Dist.] 1994, writ denied) (holding that
in absence of limiting language, a broad arbitration agreement encompassed the
parties’ tort claims).





[6]  Oral argument
was allowed following the post-hearing briefs. 






[7]  Baker Hughes
also argues the panel committed a gross mistake by “awarding on matters not
submitted.”  We have already addressed
those arguments above.  





[8]  Hennig timely
filed a motion to modify the award with the panel, requesting the attorneys’
fees awarded be modified.  In response,
Baker Hughes argued the request sought a substantive modification of the award
and should be denied.  Subsequently,
Hennig filed a letter requesting that the panel add a prejudgment interest
accrual date.  Baker Hughes argued in response
that the request was untimely and, out of an “abundance of caution,” that the
accrual date requested by Hennig was incorrect. 
Baker Hughes stated that the correct accrual date was either the 180th
day after written notice of the claim or the date suit was filed, whichever was
earliest.  The panel denied Hennig’s
requests.  In its order, the panel stated
that the request to modify attorneys’ fees was one to “redetermine the merits
of its Award,” denying it on that basis. 
However, the panel denied Hennig’s request to add an accrual date as
being untimely.





[9]  See
generally Schlobohm v. Pepperidge Farm, Inc., 806 F.2d 578, 581 (5th Cir. 1986) (stating broad arbitration
agreement may cover issue of prejudgment interest causing a court’s award of
interest to be “additional relief”); Nuno v. Pulido, 946 S.W.2d 448, 451B52 (Tex. App.CCorpus
Christi 1997, no writ) (concluding issue of prejudgment interest was submitted
to arbitrators and thus, trial court’s award of interest was in error); Kermacy
v. First Unitarian Church of Austin, 361 S.W.2d 734, 735B36 (Tex. Civ. App.CAustin
1962, writ ref’d n.r.e.) (concluding claim for prejudgment interest prior to
award was submitted to arbitrators and merged into the award).