Opinion issued July 20, 2006










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00698-CV




JOHN KOSTY AND ELAINE KOSTY, Appellants

V.

SOUTH SHORE HARBOUR COMMUNITY ASSOCIATION, INC.,
Appellee




On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 99CV0884




O P I N I O N
          This is an appeal from the trial court’s final order confirming an arbitration
award entered in favor of South Shore Harbour Community Association, Inc. (“South
Shore”), appellee, and against John and Elaine Kosty (“the Kostys”), appellants. The
trial court’s order also modified the arbitrator’s award by awarding $5,386.43 against
the Kostys for South Shore’s attorney’s fees and costs of arbitration. The Kostys are
homeowners in South Shore Harbour in League City, Texas, a planned community
that has South Shore as its homeowners’ association, and the underlying litigation
concerns the adequacy of a potted plant used to conceal trash cans. In two issues on
appeal, the Kostys contend that the trial court erred by confirming the arbitrator’s
award because the arbitrator refused to hear evidence material to the controversy, and
by modifying the arbitrator’s award to include attorney’s fees after the arbitrator
expressly declined to do so.


 We conclude that the trial court erred by awarding
attorney’s fees that were not included in the arbitrator’s award and therefore modify
the judgment of the trial court to delete the award for attorney’s fees in the amount
of $3,786.43.


 We affirm the trial court’s order as so modified. Background
          During a previous appeal of the trial court’s judgment in the underlying lawsuit
between the Kostys and South Shore, the parties’ mediation resulted in a settlement
agreement that was formalized and executed in November 2002.


 The settlement
agreement provided that (1) South Shore would pay a sum of money to the Kostys,
(2) South Shore would “plant shrubs to match existing shrubs to aid in the
concealment of the Kostys’ trash cans,” (3) South Shore would “reimburse the
Kosty’s for up to $100 for a planter box or equivalent to be used in the concealment
of the trash cans,” and (4) the Kostys would “conceal their trash cans behind the
shrubs to be planted by [South Shore].” The settlement agreement further provided
that the parties agreed to “submit any future disputes to binding arbitration with the
loser to pay the winning party’s attorney’s fees and cost of arbitration.” The
settlement agreement resulted in dismissals of the underlying litigation. 
          The parties continued their disagreement about whether the potted plants
sufficiently concealed trash cans and, as a result, South Shore filed a Petition for the
Appointment of Arbitrator in October, 2003. The petition asserted that the Kostys
had breached the settlement agreement because the shrubs that they had planted were
inadequate to conceal the trash cans. The petition requested that the trial court
appoint an arbitrator to decide the dispute and pleaded for recovery of attorney’s fees
expended to enforce the settlement agreement. Although the Kostys opposed the trial
court’s appointment of an arbitrator, the trial court ordered all claims to binding
arbitration and appointed an arbitrator.
          The arbitrator conducted an evidentiary hearing that resulted in a “Judgment
of Arbitrator” that was “in favor of South Shore,” ordering the Kostys to “plant a
plant in their current pot that will completely conceal their trash cans from public
view.” The order further provided that the “parties agree on a suitable plant for
planting,” but “if the parties cannot or will not agree on a suitable plant,” “the
Arbitrator will choose an appropriate plant to be used in the concealment of the
Kosty’s trash cans.” Consistent with his oral declaration at the termination of the
hearing that he was “not going to order anyone to pay attorney’s fees,” the arbitrator’s
order provided “that all costs of arbitration expended or incurred in this case are
hereby adjudged against the party incurring same.”
          South Shore filed a motion that sought to have the trial court confirm the award
and modify the award by adding an award for attorney’s fees and costs for the
proceedings against the Kostys. The Kostys filed a “Motion to Vacate or Modify
Award of Arbitrator and for Other Alternative Relief,” asserting various reasons for
the trial court to reject the arbitrator’s award. After a hearing, the trial court entered
an order that provided that “the Arbitration Award . . . is hereby confirmed.” 
However, the order also modified the award of the arbitrator to include $3,786.43 for
South Shore’s attorney’s fees and $1,600 for costs of arbitration.
Trial Court’s Confirmation and Modification of Arbitration Award
          The Kostys, in two issues, challenge the trial court’s confirmation of the 
arbitration award and modification of the award to include attorney’s fees. Texas law
favors arbitration. IPCO–G. & C. Joint Venture v. A. B. Chance Co., 65 S.W.3d 252,
255 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). Because arbitration is
favored as a means of dispute resolution, courts indulge every reasonable
presumption in favor of upholding the award. Id. at 256. An arbitration award has
the same effect as a judgment of a court of last resort, and a court reviewing the award
may not substitute its judgment for the arbitrator’s merely because the court would
have reached a different decision. Id. Every reasonable presumption must be
indulged to uphold the arbitrator’s decision, and none is indulged against it. Id. A
mistake of fact or law is insufficient to set aside an arbitration award. Id. In the
absence of a statutory or common law ground to vacate or to modify an arbitration
award, a reviewing court lacks jurisdiction to review other complaints, including the
sufficiency of the evidence to support the award. Id. 
Arbitrator’s Refusal to Hear Evidence 
          In their first issue, the Kostys assert that the “Court erred in confirming the
Arbitrator’s award because the Arbitrator declined to hear evidence material to the
controversy,” in violation of section 171.088 the Texas Civil Practice and Remedies
Code. See Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a)(3)(C) (Vernon 2005). 
 The Kostys specifically complain that the arbitrator refused to hear evidence that
they assert was material to the controversy under section 202.004 of the Property
Code, which they contend allowed them to assert a defense to deed restriction
enforcement. See Tex. Prop. Code Ann. § 202.004(a) (Vernon 1995).



          “On application of a party, the court shall vacate an arbitrator’s award if . . . the
arbitrators . . . refused to hear evidence material to the controversy. Id.
§ 171.088(a)(3)(C) (Vernon 2005). An arbitrator is not bound to hear all the evidence
tendered by the parties as long as each party is given an adequate opportunity to
present evidence and arguments. Babcock & Wilcox Co. v. PMAC, Ltd., 863 S.W.2d
225, 234 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (applying the Federal
Arbitration Act, 9 U.S.C.S. §§ 1–16 (1997)).



          A settlement agreement is a contract, and its construction is governed by legal
principles applicable to contracts generally. Donzis v. McLaughlin, 981 S.W.2d 58,
61 (Tex. App.—San Antonio 1998, no pet.); Old Republic Ins. Co. v. Fuller, 919
S.W.2d 726, 728 (Tex. App.—Texarkana 1996, writ denied). To establish a breach
of contract a plaintiff must show (1) the existence of a valid contract between the
plaintiff and the defendant, (2) the plaintiff’s performance or tender of performance,
(3) the defendant’s breach of the contract, and (4) the plaintiff’s damage as a result
of the breach. Prime Prods., Inc. v. S.S.I. Plastics, Inc., 97 S.W.3d 631, 636 (Tex.
App.—Houston [1st Dist.] 2002, pet. denied). 
            Assuming that the Kostys could have asserted defenses under Property Code
section 202.004 in the underlying dispute, those defenses were no longer applicable
to the disagreement over the breach of the settlement agreement.


 The issue before
the arbitrator here concerned only whether the Kostys had violated the settlement
agreement’s terms that (1) South Shore would “plant shrubs to match existing shrubs
to aid in the concealment of the Kostys’ trash cans,” (2) the Kostys would “conceal
their trash cans behind the shrubs to be planted by [South Shore],” and (3) South
Shore would “reimburse the Kostys for up to $100 for a planter box or equivalent to
be used in the concealment of the trash cans.” We conclude that the arbitrator did not
err by excluding evidence of defenses that may have been asserted in the underlying
dispute because those possible defenses were abandoned when the Kostys settled the
underlying lawsuit and thus were not material to the matters before the arbitrator. 
Accordingly, we hold that the trial court did not err by confirming the arbitrator’s
award. 
          We overrule the Kostys’ first issue.
Attorney’s Fees
          In their second issue, the Kostys assert that the trial court erred by modifying
the arbitration award to include $3,786.43 in attorney’s fees. The arbitrator’s order
recites that judgment was “in favor of South Shore” and the arbitration agreement
expressly provides that the prevailing party is to be awarded its attorney’s fees. 
However, the arbitrator stated at the arbitration hearing that he was “not going to
order anyone to pay attorney’s fees,” and the arbitrator’s order provides “that all costs
of arbitration expended or incurred in this case are hereby adjudged against the party
incurring same.” We must, therefore, determine whether a trial court has authority
to add attorney’s fees to its judgment confirming an arbitration award when an
arbitrator that decided the matter of attorney’s fees declined to award fees. 
          “Unless grounds are offered for . . . modifying . . . an award under Section . . .
171.091, the court, on application of a party, shall confirm the award.” Tex. Civ.
Prac. & Rem. Code Ann. § 171.087 (Vernon 2005). Section 171.091 provides that
the grounds to modify or to correct an award are: (1) an evident miscalculation of
numbers; (2) an evident mistake in the description of a person, thing, or property to
which the award refers; (3) the arbitrator’s having made an award with respect to a
matter not submitted to the arbitrator, when the award may be corrected without
affecting the merits of the decision on issues that were submitted; or (4) the award’s
form, when that form is imperfect in a manner that does not affect the merits of the
controversy. Id. § 171.091(a)(1)–(3) (Vernon 2005). The grounds for modifying or
correcting an arbitration award are limited to the grounds listed in section 171.091. 
Callahan & Assocs. v. Orangefield Indep. Sch. Dist., 92 S.W.3d 841, 844 (Tex.
2002). 
          If a matter is submitted to the arbitrator, a trial court is without authority
modify the arbitrator’s award. See Monday v. Cox, 881 S.W.2d 381, 385 (Tex.
App.— San Antonio 1994, writ denied) (holding that trial court’s order erroneously
set aside arbitrator’s award of attorney’s fees because issue of attorney’s fees had
properly been submitted to arbitrator and “trial court was without authority to modify
that aspect of the decision”). The authority of an arbitrator is derived from the
arbitration agreement. City of Baytown v. C.L. Winter, Inc., 886 S.W.2d 515, 518
(Tex. App.—Houston [1st Dist.] 1994, writ denied) (quoting Gulf Oil Corp. v.
Guidry, 160 Tex. 139, 327 S.W.2d 406, 408 (1959)). An arbitration agreement that
provides that “any” controversy between the parties will be arbitrated, by its plain
language, covers any controversy. Baker Hughes Oilfield Operations, Inc. v. Hennig
Prod. Co., Inc., 164 S.W.3d 438, 443–44 (Tex. App.—Houston [14th Dist.] 2005, no
pet.).
          The arbitration agreement between South Shore and the Kostys provides that
“any future disputes” will be submitted to binding arbitration. Further, both South
Shore and the Kostys requested the arbitrator to award attorney’s fees. Because the
arbitration agreement contains broad language, because the parties specifically
requested that the arbitrator award attorney’s fees, and because the arbitrator’s
statement that he would not award any party attorney’s fees indicates that he
considered and rejected the award of attorney’s fees, we conclude that the matter of
attorney’s fees was submitted to the arbitrator. See id. at 445 (noting that arbitrators
did not exceed powers by deciding issue raised by both parties in arbitration
pleadings); City of Baytown, 886 S.W.2d at 518–19 (same); see also Monday, 881
S.W.2d at 385 (holding one party’s request for attorney’s fees sufficient to submit
matter to arbitrator). We conclude, therefore, that the trial court was without
authority to modify the arbitrator’s award because the issue had properly been
submitted to the arbitrator, who had rejected both parties’ request for attorney’s fees. 
See Monday, 881 S.W.2d at 383–84; see also Nuno v. Pulido, 946 S.W.2d 448,
451–52 (Tex. App.—Corpus Christi 1997, no writ) (holding that trial court erred by
awarding prejudgment interest that was not ordered by arbitrator when that issue was
submitted to arbitrator). The arbitrator’s decision to deny attorney’s fees could not
properly be changed by the trial court in a motion confirm or a motion to modify the
award. 
          We sustain the Kostys’ second issue.
Conclusion
          We modify the judgment of the trial court to delete the award of attorney’s fees
in the amount of $3,786.43. We affirm the trial court’s judgment as so modified. 
Furthermore, all pending motions relating to this appeal are denied as moot.
 

                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Jennings and Alcala.